IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. WEIRICH and SANDRA F. WEIRICH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No.  06 C 3465 |
| v. | ) ) | Judge Robert W. Gettleman |
| RICHARD WEHRLI, RONALD FESSLER, and THE TOWN ROAD PARTNERSHIP, an Illinois General Partnership | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Robert and Sandra Weirich sued defendants Richard Wehrli, Ronald Fessler and The Town Road General Partnership (the "partnership") alleging claims for: (1) dissolution and accounting; (2) violations of various sections of the Illinois Uniform Partnership Act, 805 ILCS 205/19, 205/20, 205/21; (3) breach of fiduciary duties between partners; (4) dealings against the partnership; (5) quantum meruit; and (6) unjust enrichment. Because the complaint alleges that plaintiffs are general partners in the defendant partnership, it appeared to the court that it lacked subject matter jurisdiction that was asserted based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). Consequently, the court directed the parties to be prepared to discuss jurisdiction at a status hearing. In response to that order, defendants moved to dismiss for lack of subject matter jurisdiction and plaintiffs moved to drop the partnership as a party and file an amended complaint. For the reasons set forth below, defendants' motion is denied and plaintiffs' motion is granted.

## FACTS

According to the complaint, plaintiffs and defendants Fessler and Wehrli entered into a general partnership called The Town Road Partnership to engage in the business of developing and selling 303 acres of real estate located on New Town Road in North Carolina. The property was to be developed in two phases. Phase one applied to 125 of the 303 acres and phase two applied to the remaining 178. Plaintiffs jointly owned one partnership unit and were to split equally the net profits with Wehrli and Fessler who jointly owned the other partnership unit, until such time as contribution of capital investment amounts had been reimbursed. Thereafter, the parties would split the profits at a rate of 45% for plaintiffs and 55% for defendants.

## DISCUSSION

There is no question that as currently pled, with the partnership named as a defendant, the court lacks subject matter jurisdiction. For diversity of citizenship purposes a general partnership is a citizen of the state of each partner's citizenship. See Carden v. Arkoma & Assoc., 494 U.S. 185 (1990). Therefore, the defendant partnership is a citizen of Illinois because plaintiffs, who are general partners, are citizens of Illinois. Complete diversity of citizenship is therefore lacking under 28 U.S.C. § 1332. This would normally mean that defendants' motion to dismiss should be granted. To cure this problem, however, plaintiffs have moved under Fed. R. Civ. P. 21 for leave to file an amended complaint that does not name the partnership as a party. Defendants object, arguing that the partnership is an "indispensable party" and that the entire case must be dismissed.

Fed. R. Civ. P. 19 governs joinder of persons needed for just adjudication. Rule 19 analysis is essentially a three step process. First, the court must determine whether the party is

necessary under Rule 19(a). If joinder is necessary, the court must next determine whether joinder is feasible, i.e., whether joinder can be effected. Finally, if joinder is not feasible, the court must determine whether "in equity and good conscience" the action should proceed among the parties before it or whether it should be dismissed because the absent party is indispensable. Fed. R. Civ. P. 19(b).

In the instant case, the partnership is a necessary party. Under Rule 19(a), a person is necessary, and where feasible should be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that disposition of the action in the person's absence may (I) as a practical matter impair of impede the person's ability to protect that interest or (ii) leave any other persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

There is no question that the partnership is a necessary party because it has an interest in recouping assets and profits allegedly diverted by the defendant general partners. This interest is separate and distinct from plaintiffs' interest in enlarging the pool of assets of which they claim a portion. Hooper v. Wolf, 396 F.3d 744, 748 (5th Cir. 2005) (citing HB Gen. Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1190 (3rd Cir. 1996)).

As noted, however, the partnership cannot feasibly be joined because it shares the citizenship of its general partners, and joinder would therefore deprive the court of subject matter jurisdiction. Because joinder is not feasible the court must determine whether the partnership is an indispensable party or whether "in equity and good conscience the action should proceed among the parties" already before the court. Fed. R. Civ. P. 19(b). The rule lists four factors to be considered:

> (1) to what extent a judgment entered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Application of the factors in the instant case leads to the conclusion that the partnership is not indispensable and that the case can proceed in its absence. First, although a decision in plaintiffs' favor would have major implications for the partnership (the complaint seeks dissolution) the partnership's interests are adequately represented by the parties in the case. All of the general partners are parties, and defendants are the managing partners. Although under Illinois law a partnership can sue or be sued in its own name, 735 ILCS 5/2-411, it nonetheless has no legal existence outside of the general partners. Pekin Ins. Co. v. The Estate of Goben, 303 Ill.App.3d 639, 645 (5th Dist. 1999). Therefore, the partnership's interest can be adequately represented by the parties already before the court, which contradicts the notion that the partnership is indispensable. Hooper, 396 F.3d at 750; HB Gen. Corp., 95 F.3d at 1193.

Second, with respect to the second Rule 19(b) factor, any possible prejudice to the partnership or defendants can be avoided through protective provisions in any judgment rendered. Under Fed. R. Civ. P. 17(a) the real parties of interest are the partners, all of whom are parties and subject to any order the court fashions.

Third, any judgment rendered will be adequate. The only possible prejudice to defendants would be if some or all of plaintiffs' claims could be considered derivative and brought in a later derivative action. That derivative action would have to be brought, however, by plaintiffs and this court can fashion an order that prevents plaintiffs from instituting a derivative action based on the same claim. See HP Gen. Corp., 95 F.3d at 1195-96.

The fourth factor, whether plaintiff will have an adequate remedy if the case is dismissed is the only factor that weighs in favor of dismissal. There is no question that plaintiffs can bring the same case in state court and join all of the parties, including the partnership in its own name. Plaintiffs' argument that state court relief is unavailable "because of the far-flung parties and inherent difficulties with obtaining Illinois jurisdiction, service of process and subpoena power over non-residents," borders of frivolity. Those same concerns are no different in the Illinois court than they are in this court, particularly when subject matter jurisdiction is based on diversity of citizenship.

After weighing the above factors, the court concludes that the partnership is not indispensable to the instant action. In Illinois a partnership can be sued by naming the general partners doing business as the partnership. All the general partners are parties to the instant case. Accordingly, defendants' motion to dismiss for lack of jurisdiction is denied. Plaintiffs' motion to file an amended complaint omitting the partnership as a party is granted.

The proposed amended complaint, attached to plaintiffs' response to defendants' motion to dismiss, however, is deficient. First, ¶8 alleges, "Defendant, The New Town Road Partnership, an Illinois General Partnership, is located in the City of Naperville, County of DuPage, State of Illinois." This apparently is a stenographic error and should be omitted. Next, Count VI seeks quantum meruit relief, presumably against the partnership as an entity. This count should be clarified to specify the nature of the relief sought against the defendant general partners for quantum meruit.

Accordingly, plaintiffs are granted leave to file an amended complaint conforming to this opinion on or before April 10, 2007. Defendants' current motion to dismiss the original

complaint is stricken as moot. Defendants shall respond to the amended complaint on or before May 1, 2007. This matter is set for a status report May 15, 2007, at 9:00 a.m.

 **ENTER:**    **March 20, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**